UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LEE OSBORNE,               CIVIL NO. 05-CV-73787-DT
                                  HON. NANCY G. EDMUNDS
            Petitioner,           UNITED STATES DISTRICT COURT
v.

PAUL RENICO,

            Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Thomas Lee Osborne, an inmate at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* application for a writ of habeas corpus, in which he challenges his state court convictions for possession of methamphetamine, M.C.L.A. 333.7403(2)(b)(I), and operating a methamphetamine laboratory, M.C.L.A. 333.7441(c)(2)(a). Respondent has filed a motion to dismiss, claiming that the instant petition should be dismissed because petitioner has failed to exhaust his state court remedies. For the reasons stated below, the instant petition is dismissed without prejudice.

### I. Background

Petitioner was convicted of the above offenses in the Jackson County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Osborne,* 256876 (Mich.Ct.App. September14, 2004); *lv. den.* 472 Mich. 896, 695 N.W.2d 74 (2005); *reconsideration den.,* 473 Mich. 886, 699 N.W.2d 702 (2005).

1

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. His sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004).
>
> II. The sentencing court violated his due process rights by relying on undisclosed information at sentencing.
>
> III. His Fifth Amendment rights were violated at sentencing.
>
> IV. Trial counsel acted ineffectively by failing to file or timely file motions in the trial court.
>
> V. His plea was induced by unfulfilled promises.
>
> VI. His due process rights were violated when the sentencing court deviated above the sentencing guidelines.
>
> VII. His double jeopardy rights were violated when the sentencing court deviated above the sentencing guidelines.

## II. Discussion

The instant petition must be dismissed without prejudice, because petitioner has yet to exhaust his claims with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich.

1999).

In the present case, none of petitioner's claims have been properly exhausted with the state courts. Petitioner's first, second, third, fourth, and seventh claims were never presented to any of the Michigan appellate courts. A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Because these five claims were never presented to the state courts, they are unexhausted.

Moreover, the mere fact that petitioner raised a claim involving the trial court's improper departure from the sentencing guidelines range in his appeal with the Michigan Court of Appeals would be insufficient to exhaust his sixth claim that his due process rights were violated when the trial court departed above the sentencing guidelines range. The exhaustion requirement requires that a federal habeas petitioner fairly present the substance of each federal constitutional claim to state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993); *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). In order to exhaust state court remedies, a habeas petitioner must present his or her claim to the state courts as a federal constitutional issue, not merely as an issue that

3

arises under state law. *Koontz v. Glossa*, 731 F. 2d 365, 368 (6th Cir. 1984)(cites omitted). It is not enough that all the facts necessary to support the federal claim were presented to the state courts, or that a somewhat similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The mere similarity of claims between the state appeals and the federal habeas petition is insufficient for exhaustion purposes. *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

In this case, petitioner's claim that the trial court improperly departed from the sentencing guidelines range was not exhausted in the Michigan Court of Appeals, for purpose of habeas review, where the claim as presented to the Michigan Court of Appeals was grounded solely in state law, and was not presented in a manner that would call to mind any specific federal right. *See Acosta v. Giambruno,* 326 F. Supp. 2d 513, 521 (S.D.N.Y. 2004).

Petitioner's sixth claim was raised as a federal issue only for the first time in his application for leave to appeal to the Michigan Supreme Court and his fifth claim was raised only for the first time on his motion for reconsideration of the Michigan Supreme Court's denial of his application for leave to appeal. The fact that petitioner may have raised these two claims in his application for leave to appeal with the Michigan Supreme Court is insufficient for exhaustion purposes. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Because petitioner failed to present his these two claims in his appeal of right with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, fn. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-289 (W.D. Mich. 1977).

Petitioner has not responded to the arguments raised in the motion to dismiss, other than to argue that respondent has waived any substantive defenses to his petition by filing his motion to dismiss one day past the deadline for filing a responsive pleading.  Although a respondent's failure to raise a procedural defense in its initial answer can be considered a waiver of that issue, *See e.g. Dickens v. Jones,* 203 F. Supp. 2d 354, 361 (E.D. Mich. 2002), a respondent does not waive an affirmative defense in a federal habeas proceeding merely by filing an untimely answer, so long as the affirmative defense is raised in that answer. *See e.g. Woods v. Kearney,* 215 F. Supp. 2d 458, 463-64 (D. Del. 2002).  Moreover, although certain affirmative defenses such as procedural default can be waived by the State by failing to raise them in their initial answer, the exhaustion defense is not waived "unless the State, through counsel, expressly waives the requirement." *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003)(internal quotation omitted).  In this case, respondent has raised the exhaustion defense in his motion to dismiss, therefore, the defense is not

waived.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Jackson County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004). Moreover, the stay and abeyance of a federal habeas proceeding involving a mixed petition of exhausted and unexhausted claims is only appropriate when the

district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *See Rhines,* 125 S. Ct. at 1535. Petitioner has failed to establish good cause for failing to exhaust these claims properly in the state courts. Therefore, a stay of the current petition is not appropriate. *See Vasquez v. Parrott,* 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005).

### III. Conclusion

The Court will dismiss the instant petition for writ of habeas corpus without prejudice, because petitioner has failed to exhaust his claims in the state courts.

The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether

the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the ha *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

In the present case, this Court has determined that petitioner failed to exhaust his state court remedies.  Where reasonable jurists could differ as to whether a habeas petitioner has exhausted his or her state court remedies, the grant of a certificate of appealability is appropriate. *See Henry v. Department of Corrections,* 197 F. 3d 1361, 1366 (11th Cir. 1999).  In the present case, reasonable jurists would not find it debatable as to whether petitioner has exhausted his state court remedies.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  July 19, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 19, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager